TRINETTE G. KENT (State Bar No. 222020)
3219 E. Camelback Road, Suite 588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (480) 247-9644
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Carmen Lopez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Carmen Lopez,<br><br>                    Plaintiff,<br><br>   vs.<br><br>D. Scott Carruthers, A Professional Law Corporation,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Carmen Lopez (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against D. Scott Carruthers, A Professional Law Corporation (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Corona, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Stanton, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt owed to Defendant, as a purchaser of the debt, or to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. Within the last year, Defendant contacted Plaintiff in an attempt to collect a debt.

13. On or about July 4, 2018, Plaintiff received an undated letter from Defendant, wherein Defendant states that it "has been retained by [original creditor] to file a lawsuit on its behalf as a means to collect this debt."

14. On or about July 23, 2018, Plaintiff mailed a response to Defendant's letter, wherein Plaintiff requests "verification of the debt" and states, "I am disputing the validity of this debt."

15. On or about August 8, 2018, without first providing Plaintiff with the requested verification, Defendant began calling Plaintiff's place of employment in an excessive and harassing manner, calling multiple times within a limited period.

16. On or about August 9, 2018, during a live conversation, Plaintiff's co-worker informed Defendant that Plaintiff could not receive personal calls at work and asked Defendant to cease further calls.

17. On or about August 20, 2018, Plaintiff mailed Defendant a second letter, wherein Plaintiff again requests that Defendant verify the alleged debt and requests that Defendant cease calling her place of employment.

18. On or about August 28, Defendant's agent, Susan Howell, called Plaintiff's place of employment and spoke with Plaintiff's co-worker.

19. During the conversation, Ms. Howell represented that she was an attorney and disclosed that she was attempting to reach Plaintiff to collect a debt.

20. Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety and embarrassment.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

23. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

24. Defendant called a third-party for a purpose other than to obtain location information regarding the Plaintiff, in violation of 15 U.S.C. § 1692b.

25. Defendant's agent communicated with a person other than Plaintiff and identified her employer without being asked to do so, in violation of 15 U.S.C. § 1692b(1).

26. Defendant communicated with a person other than Plaintiff and stated that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2).

27. Defendant communicated with Plaintiff at her place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

28. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

29. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

31. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

32. Defendant falsely represented or implied that an individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. § 1692e(3).

33. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

34. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. Defendant continued its collection efforts after receiving Plaintiff's written request for verification of the alleged debt and before providing such verification, in violation of 15 U.S.C. § 1692g(b).

36. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

39. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

40. Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

41. Defendant communicated with Plaintiff's employer over the telephone for a purpose other than to verify Plaintiff's employment without first sending a written communication, in violation of Cal. Civ. Code § 1788.12(a).

42. Defendant falsely represented that any person is an attorney or counselor at law, in violation of Cal. Civ. Code § 1788.13(b).

COMPLAINT FOR DAMAGES

43. Defendant falsely represented that a legal proceeding had been or was about to be instituted unless the alleged consumer debt was paid, in violation of Cal. Civ. Code § 1788.13(j).

44. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

45. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

DATED:  November 5, 2018                    TRINETTE G. KENT

By: __/s/   Trinette G. Kent__
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Carmen Lopez

COMPLAINT FOR DAMAGES